**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 8 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LINDA SANDERS,

      Plaintiff - Appellant,

v.

RUTH WILLIAMS,

      Defendant - Appellee.

No. 01-1324
(D.C. No. 98-WY-1965-WD)
(D. Colorado)

**ORDER AND JUDGMENT** *

Before **KELLY** , **BRISCOE** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Linda Sanders brought this action in state district court against defendant Ruth Williams, a retired agent of the Internal Revenue Service (IRS). Plaintiff sought relief for tortious misrepresentation, alleging that the defendant had committed perjury at an eviction hearing. Defendant removed the case to federal district court pursuant to 28 U.S.C. §§ 1441 and 1442. The United States was then substituted as defendant pursuant to 28 U.S.C. § 2679(d)(1).

A federal magistrate judge assigned to the case recommended that the United States' motion to dismiss plaintiff's complaint be granted. The district court adopted the magistrate judge's recommendation, and dismissed plaintiff's complaint. It also summarily denied her Fed. R. Civ. P. 59(a) motion for amendment of findings of fact and conclusions of law. Plaintiff appeals from the district court's orders dismissing her complaint and denying her Rule 59(a) motion. We affirm.

Plaintiff states her appellate issues as follows:

Is [review] barred because of a failure to comply with 26 USC 7422 and notice the United States prior to filing suit under the tax code or failing to exhaust Administrative Remedies under the Federal Tort Claims Act ("FTCA") 28 USC 2679?

Were the defendant's acts protected by Sovereign Immunity or was the issue an exception under the Anti-Injunction Act, 26 USC 7433 [remedy for unlawfully collected tax] or 28 USC 2679 (FTCA action for loss of property because of U.S. employee's wrongful act).

Was the action barred by collateral estoppel rather than permitted under Rule 60(b) [remedy available within any reasonable time for newly discovered evidence].

Is Rule 60 relief precluded because the evidence relied upon was not "new"?

Do the facts in dispute preclude summary dismissal?

Aplt. Opening Br. at 2 (emphasis omitted).

We review *de novo* the district court's application of the doctrine of sovereign immunity. *Ordinance 59 Ass'n v. United States Dep't. of the Interior Sec'y*, 163 F.3d 1150, 1152 (10th Cir. 1998). We also review *de novo* the district court's application of the *res judicata* and collateral estoppel. *SIL-FLO Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1520 (10th Cir. 1990). We review the denial of a Rule 59(e) motion for an abuse of discretion. *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). Having carefully reviewed the briefs, the record, the district court's dispositions and the applicable law in light of the above standards, we affirm the challenged dispositions.

The judgments of the United States District Court for the District of Colorado are therefore AFFIRMED for substantially the same reasons stated in the magistrate judge's recommendation of November 8, 2000, and the district

court's orders of May 23, 2001, and June 11, 2001.  The mandate shall issue

forthwith.

Entered for the Court


Mary Beck Briscoe
Circuit Judge